UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RALPH Y. ROBINSON,

                    Plaintiff,

        v.

U.S. DEPARTMENT OF VETERANS AFFAIRS
and LOU LOMBADO,

                    Defendants.

---

24-CV-4960 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

Plaintiff Ralph Robinson, appearing *pro se*, brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–80, against the United States Department of Veterans Affairs ("VA") and Lou Lombado. Robinson is employed at the James J. Peters VA Medical Center and alleges that Lombado, his supervisor, assaulted him in the workplace. For the reasons that follow, the Court (1) dismisses Robinson's claims against the VA and directs the Clerk of Court to substitute the United States as a defendant, (2) directs service on the United States and Lombado, and (3) denies without prejudice Robinson's application for the Court to request *pro bono* counsel.

**DISCUSSION**

I.      **FTCA Claim Against the VA**

The FTCA "constitutes a limited waiver by the United States of its sovereign immunity," *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007), and it allows for suit against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law

of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1).[1] The FTCA, however, "precludes tort suits against federal agencies and makes the only proper federal institutional defendant in such an action the United States." *Baptiste v. Warden At Ottisville, FCI New York*, No. 09-CV-5523, 2010 WL 3185748, at *9 (S.D.N.Y. Aug. 11, 2010); *see also Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) ("[A]n action [under the FTCA] must be brought against the United States rather than an agency thereof."). Accordingly, "this action must be brought against the United States, not the VA." *Schwartz v. United States*, No. 19-CV-7846, 2020 WL 5578505, at *2 (S.D.N.Y. Sept. 17, 2020). The Court thus dismisses Robinson's claims against the VA.

That said, in light of Robinson's *pro se* status and clear intention to assert an FTCA claim against the United States, the Court construes the Complaint as asserting such a claim. Accordingly, the Clerk of Court is respectfully directed to amend the caption of this action to substitute the VA with the United States.[2] *See* Fed. R. Civ. P. 21.

## II.      Service on the United States

Given that Robinson has been granted permission to proceed without prepayment of fees, that is, *in forma pauperis*, *see* Dkt. 5, he "is entitled to rely on the U.S. Marshals Service to effect service," *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [*in forma pauperis*] cases."); Fed. R. Civ. P. 4(c)(3) ("The court must . . . order" "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis."). In order to allow Robinson to effect service on the United States and

---

[1] Unless otherwise indicated, this order of service omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

[2] This amendment is without prejudice to any defenses the United States may wish to assert.

Lombado through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is also instructed to (1) on the USM-285 form for the United States, mark the box labeled "Check for service on U.S.A.", and (2) issue summonses and deliver to the Marshals Service all the paperwork necessary to effect service on the United States and Lombado.

If Defendants have not been served within 90 days after the date summonses are issued, Robinson should request an extension of time for service.[3] *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) ("If a plaintiff proceeding [*in forma pauperis*] chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the . . . deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so.").

### III.    Denial of Application for *Pro Bono* Counsel

Robinson also submitted an application for the Court to request *pro bono* counsel. *See* Dkt. 3. Pursuant to 28 U.S.C. § 1915, courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In deciding whether to grant a litigant's request for counsel, the court "should first determine whether the indigent's position seems likely to be of substance," *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), and "[i]f the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more

---

[3] Although Federal Rule of Civil Procedure 4(m) generally requires that a defendant be served within 90 days after the complaint is filed, Robinson is proceeding *in forma pauperis* and could not have served summonses and the Complaint until the Court reviewed the Complaint and ordered that summonses be issued. The Court thus extends the time to serve until 90 days after the date that summonses are issued.

likely to lead to a just determination," *id.* at 61–62; *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011). Because it is too early in the proceedings for the Court to assess the merits of the action, Robinson's motion for counsel is denied without prejudice to renewing such an application at a later date. Nevertheless, Robinson is advised that, to the extent he wishes to consult with the New York Legal Assistance Group's clinic for *pro se* litigants, he may do so by visiting its website at nylag.org/pro-se-clinic or by calling (212) 659-6190. This clinic, which is neither part of nor run by the Court, assists *pro se* litigants with federal civil cases.

### CONCLUSION

For the foregoing reasons, the Court dismisses Robinson's claims against the U.S. Department of Veterans Affairs, and it directs the Clerk of Court to add the United States as a defendant. *See* Fed. R. Civ. P. 21. The Clerk of Court is also directed to (1) issue summonses for the United States and Lou Lombado, (2) complete a USM-285 form for each defendant, and on the USM-285 form for the United States, mark the box labeled "Check for service on U.S.A.", and (3) deliver all documents necessary to effect service on Defendants to the U.S. Marshals Service. Moreover, the Court denies Robinson's application for the Court to request *pro bono* counsel without prejudice to renewal.

Robinson may receive court documents by email by completing the attached form, Consent to Electronic Service.[4] Additionally, he must notify the Court in writing if his address changes, as the Court may dismiss the action if he fails to do so.

---

[4] If Robinson consents to receive documents by email, he will no longer receive court documents by regular mail.

5

The Clerk of Court is respectfully directed to mail an information package to Robinson.

SO ORDERED.

Dated:        July 22, 2024
              New York, New York

                                          _____
                                          Ronnie Abrams
                                          United States District Judge

**SERVICE ADDRESSES**

1.      United States Attorney for the Southern District of New York
        Civil Division
        86 Chambers Street
        3rd Floor
        New York, New York 10007

2.      Attorney General of the United States
        United States Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530-0001

3.      Lou Lombado
        James J. Peters VA Medical Center
        130 West Kingsbridge Road
        Bronx, New York 10468

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                City            State            Zip Code


_____
Telephone Number                E-mail Address


_____
Date                    Signature